IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DERENZO DESHON PRESTON                                                                                    PLAINTIFF

v.                                        Civil No. 6:24-cv-06111-SOH-MEF

DEPUTY BRET REID, *et. al.*                                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on August 13, 2024. (ECF No. 1). On August 14, 2024, the Court entered an Order directing Plaintiff to submit a Supplement to his Complaint by September 3, 2024. (ECF No. 6). In the Order, it was noted that Plaintiff's Complaint appeared to reference one or more state criminal cases in his claims, but he did not identify those cases. Plaintiff was directed to provide the case name, case number, and the county for each case in question. (*Id.*). Plaintiff filed a Motion to Appoint Counsel on August 26, 2024, but he failed to submit his Supplement. (ECF No. 7). In his Motion to Appoint Counsel, the Plaintiff acknowledges receipt of the Order to provide a Supplement, but he states that he does not have access to information about his state criminal cases. (*Id.*). The Motion to Appoint Counsel was denied on September 3, 2024. (ECF No. 9). Plaintiff submitted a Notice of Address Change on September 12, 2024. (ECF

1

No. 11). On September 18, 2024, the Court entered a Show Cause Order directing Plaintiff to submit his Show Cause Response by October 9, 2024. (ECF No. 12). This Order was not returned as undeliverable. Both Orders advised Plaintiff that failure to submit the required document by the deadline would result in the dismissal of his case. (ECF No. 6, 12).

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of October 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE